JOHN G. GEORGE, ESQ.
Nevada Bar No. 12380
LAW OFFICE OF JOHN GEORGE
732 S. 6th Street Suite 100
Las Vegas, Nevada 89101
Telephone: (702) 382-1200
Facsimile: (702) 446-1577
E-mail: johngeorgejr@fastmail.fm
Attorney for Defendant
*JOHN FORD EPPS*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN FORD EPPS,

    Defendant.

CASE NO. 2:16-CR-00291-GMN-PAL

**MOTION AND ORDER FOR LEAVE TO OBTAIN A PRE-PLEA PRESENTENCE REPORT**

Comes now the Defendant JOHN FORD EPPS, by and through his counsel of record, John George, Esq., and respectfully moves this Court for an order directing the United States Probation Office to prepare a Pre-Plea Presentence Report for the limited purpose of determining Mr. Epps' criminal history. In support hereof, Mr. Epps represents that the purpose of the report would be to assist Defendant Epps in determining the potential consequences of entering a plea and to confirm that he has properly recollected his criminal history. Preparation of the requested report would assist Defendant Epps and counsel in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The preparation and use of a presentence reports is governed by 18 U.S.C. § 3552 and Rule 32 of the Federal Rules of Criminal Procedure. The text of Subparagraph (e) to Rule 32

lends support for the position that Rule 32 permits the preparation of a pre-plea presentence report prior to a plea agreement. Rule 32(e)(1) reads as follows:

> (e) Disclosing the Report and Recommendation.
>
> (1) Time to Disclose. Unless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty.

According to its language, Subparagraph (e)(1) protects against non-consensual disclosure of a presentence report to a court or to anyone else prior to a defendant's plea of guilty or a finding of guilt. The protection against pre-plea disclosure necessarily suggests that the creation of a pre-plea presentence report is permitted.

The pertinent portion of Rule 32 has been modified on several occasions. The legislative history to the changes is informative. The 1989 amendments to Rule 32(c)(1) made it the functional equivalent of current Rule32(e)(1). The Advisory Committee Notes to the 1989 Amendments indicated the purpose of the provision:

> In amending [then] subdivision (c)(1), the Committee conformed the rule to the current practice in some courts: i.e., to permit the defendant and the prosecutor to see a presentence report prior to a plea of guilty if the court, with written consent of the defendant, receives the report at that time. The amendment permits, but does not require, disclosure of the report with the written consent of the defendant.

Fed. R. Civ. P. 32, Advisory Committee Notes, 1989 Amendments.

This history indicates that the probation department, under some circumstances, may prepare a presentence report prior to a plea of guilty. This interpretation also gives meaning to Rule 32(e)(1), which otherwise makes no sense. Where such a report is prepared, probation may disclose it the government and defendant and with consent to the court, prior to a plea of guilty. In this manner, a defendant can obtain critical information upon which to decide whether to enter into a plea negotiation.

Defendant Epps is contemplating a plea offer extended by the government in this matter. There is some urgency in this request as Defendant Epps must decide pretty soon. Material to this decision is the determination as to his criminal history.

It is true that the Court may not participate in plea discussions, nor may the Court force Defendant Epps to submit to an interview with probation in violation of his 5th Amendment right against self-incrimination. Similarly, the Court may not force the government to reveal its evidence at an earlier stage than might otherwise be required. However, the Court does have the discretion to order the probation office to prepare a criminal history of Defendant Epps. The compilation of such a criminal history would serve the ends of justice and would not be unduly burdensome under the circumstances. It would not violate Defendant Epps' 5th Amendment rights or force the Government to reveal additional evidence. Defendant Epps' criminal history is a matter of public record and its impact upon sentencing is ordinarily fairly straightforward. Therefore, the compilation of such information prior to a guilty plea, and upon specific request by the defendant, would not give rise to concerns that the Court is improperly participating in plea negotiations.

For the foregoing reasons, Defendant Epps moves this Court to order the United States Probation Office to conduct a pre-plea presentence investigation for the limited purpose of determining Defendant Epps' criminal history.

Dated this 7th day of September, 2017.

/s/John George
JOHN GEORGE, ESQ.
Nevada Bar No. 12380
Counsel for John Ford Epps

JOHN G. GEORGE, ESQ.
Nevada Bar No. 12380
LAW OFFICE OF JOHN G. GEORGE
732 6th Street, Suite 100
Las Vegas, Nevada 89101
Telephone:(702) 561-7855
Facsimile:(702) 446-1577
E-mail: johngeorgejr@fastmail.fm
Attorney for Defendant
JOHN FORD EPPS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN FORD EPPS,<br><br>Defendant. | Case No. 2:16-CR-00291-GMN-PAL<br><br>**ORDER ON MOTION FOR LEAVE TO OBTAIN A PRE-PLEA PRESENTENCE REPORT** |

Defendant JOHN FORD EPPS seeks leave for the preparation of a pre-plea presentence report for the limited purpose of determining Mr. Epps' criminal history to assist in finalizing the parties' plea negotiations. The compilation of such a criminal history would serve the ends of justice and would not be unduly burdensome under the circumstances.

Accordingly, and for the foregoing reasons,

IT IS HEREBY ORDERED that Defendant John Ford Epps Motion for a Pre-Plea Presentence Report for a determination of criminal history is GRANTED.

///
///
///
///
///

**IT IS FURTHER ORDERED** that the United States Probation Office shall prepare and provide to the Court by no later than November 8, 2017, a Pre-Plea Presentence Investigation Report with the guideline calculation requested for Defendant John Ford Epps's criminal history only.

**DATED** this  11  day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court